A95A0139. HOUSTON v. THE STATE.
(456 SE2d 766)

BEASLEY, Chief Judge.

Houston was convicted of possession of cocaine with intent to distribute. OCGA § 16-13-30. He filed this appeal following denial of his motion for new trial.

1. Houston contends that the evidence was insufficient under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Officer Martin testified that on the day in question he was patrolling Harwell Street when he observed Houston standing toward the rear of his wife's house. She lived on one side of a duplex and George Coppage lived on the other side. Houston was counting plastic bags, containing a substance which appeared to be crack cocaine, which Martin saw Houston put under a tin can. Houston then walked away from the can in the direction of Martin and saw him for the first time. Martin grabbed Houston and walked back with him to the can. Underneath he found thirteen bags of crack cocaine and six bags of white powder cocaine. He advised Houston he was under arrest.

Houston testified that on the day he was arrested, he and others

were drinking beer near his wife's house when Martin appeared and told them he would arrest them if they did not leave. They went to the front yard of the house. Houston's wife let their infant son into the yard and Houston picked him up. Martin appeared and arrested Houston for no reason after searching his son's diapers.

Houston presented several eyewitnesses whose testimony supported his. One such witness testified he saw neighbor Coppage place something in the tin can in the back yard and then saw Martin retrieve something from it, but that he never saw Houston in the back yard during this time. Another witness testified that Martin told him not to say anything or he would arrest him for possession of half the drugs.

Officer Williams, called as a defense witness, testified that approximately three months prior to Houston's arrest, he had arrested Coppage inside his house for possession of cocaine. Williams had been told by a confidential informant that a young black male known as Jamal was selling crack cocaine along Harwell Street and was using Coppage's house as a storage place. Williams observed two men engaging in an activity that appeared to be the sale of crack cocaine to passing motorists in front of an abandoned house at the corner of Harwell Street. He found ten "hits" of crack cocaine in ziplock bags in the yard of the abandoned house. Afterward, Williams and other officers went to Coppage's house and found him sitting on the front porch. He gave them consent to search the house, in which they found 23 "hits" of crack cocaine along with various drug paraphernalia.

The jury determines the credibility of witnesses and resolves conflicts in the evidence. *Dunn v. State*, 213 Ga. App. 165 (1) (444 SE2d 812) (1994). Viewed in a light most favorable to the verdict, the evidence authorized a rational trier of fact to find Houston guilty beyond a reasonable doubt of the offense charged.

2. Houston next contends that the court erred both in refusing to conduct an in camera inspection of Officer Martin's personnel file and in refusing to seal the file for appellate review.

Prior to trial, Houston issued a subpoena to compel the file's production, which the city moved to quash. At trial, the city's attorney stated that Houston wanted to discover the contents of the file in an attempt to establish a pattern by Martin of arresting suspects without probable cause. She argued, among other grounds, that such evidence is not material since there was a finding of probable cause in this case.

Defense counsel countered that Martin's personnel file is material because the case hinges on his credibility. Counsel stated that he had witnesses who would testify that Martin had arrested them without probable cause and had also harassed individuals. Counsel asked the court to conduct an in camera inspection of the file to determine whether it contained any information concerning such incidents. In

reliance on such cases as *Lockwood v. State*, 184 Ga. App. 262, 263 (2) (361 SE2d 195) (1987), rev'd on other grounds, 257 Ga. 796 (364 SE2d 574) (1988), and *Taylor v. State*, 172 Ga. App. 827 (1) (324 SE2d 788) (1984), the city's attorney responded that a defendant is not entitled to access to an arresting officer's personnel file for no other reason than to test the officer's credibility, but she raised no objection to the court's viewing the file in camera, stating that there was nothing exculpatory of defendant. The court granted the motion to quash and denied defense motions for an in camera inspection and to have the file copied and sealed for appellate review.

In reliance on *Tribble v. State*, 248 Ga. 274 (280 SE2d 352) (1981), Houston argues that the court was required to conduct the inspection pursuant to his *Brady* request for information that was exculpatory or could be used to impeach Martin. See generally *Brooks v. State*, 182 Ga. App. 144, 145 (1) (355 SE2d 435) (1987).

The Georgia Supreme Court held in *Cargill v. State*, 255 Ga. 616, 638 (23a) (340 SE2d 891) (1986), that when the defense seeks to discover the personnel file of a law enforcement officer, some showing of need must be made. Houston's defense counsel stated that he needed the file in order to uncover incidents in which Martin had arrested or harassed individuals without probable cause. Even if such facts would be relevant to the issue of the officer's credibility in this case, counsel also stated that he had witnesses who would so testify. Moreover, an arrest or harassment without probable cause does not constitute a false arrest, which is what Houston maintains Martin did here. Houston did not show a need to discover the contents of the file in order to fully defend himself. Thus, it was not error to refuse an in camera inspection, nor to refuse to include the file in the record, nor to quash the subpoena.

3. Houston contends the court erred in restricting defense counsel in his opening statement.

Opening statements were not reported. In subsequent colloquy between counsel and the court, defense counsel complained of the court's refusal to allow him to state that the evidence would show that on a prior occasion Coppage had been arrested for possession of cocaine at the duplex. The assistant district attorney replied that the court had merely prohibited defense counsel from going into Coppage's criminal record.

With neither an original transcript nor one prepared from recollection, we must presume that the trial court did not commit reversible error in controlling the content of defense counsel's statement. See generally *Sims v. State*, 251 Ga. 877, 879 (3) (311 SE2d 161) (1984); *Houck v. State*, 173 Ga. App. 388 (2) (326 SE2d 567) (1985).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 12, 1995.

*Wolfe & Steel, Brian E. Steel, Shandor S. Badaruddin, David P. Shapiro,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Juliette O. Scales, Carla E. Young, Assistant District Attorneys,* for appellee.