## S97A0467. BARBER v. THE STATE.
### (486 SE2d 353)

HINES, Justice.

Ferroll Barber was found guilty of voluntary manslaughter, aggravated assault, felony murder, armed robbery, and theft by taking a motor vehicle in connection with the stabbing death of Gerald Wyatt. He was sentenced to life imprisonment for the felony murder and to two consecutive twenty-year terms for the aggravated assault and theft by taking a motor vehicle. Barber appeals.[1] We reverse because the trial court committed harmful error in excluding evidence of specific acts of violence by Wyatt toward third parties.

The evidence, viewed in favor of the verdict, revealed that during the evening of November 27, 1995, Wyatt approached Barber at a truck stop and stated that he was a private investigator from Atlanta working on a case and needed assistance. Barber, who was 17 years old at the time, agreed to help Wyatt by driving him to a nearby town. After riding through the town, Wyatt asked Barber to pull over so he could urinate. Wyatt returned to the car with his pants unbuttoned and unzipped and attempted to get on top of Barber. Barber stabbed Wyatt in the shoulder and neck with a knife. Wyatt rolled into the driver's seat, and Barber stabbed him five more times in the leg. Barber then dragged Wyatt several feet into the woods, leaving him there to bleed to death. Barber took Wyatt's watch and automobile, and drove to his mother's home. There, he changed clothes, bathed, and went through Wyatt's briefcase with his mother. After abandoning Wyatt's automobile on a dirt road by the truck stop, Barber ordered a steak and ice cream at a restaurant, paying the tab with a bloody twenty dollar bill. At trial, Barber admitted to having less than ten dollars with him at the time of the stabbing. The medical examiner stated that Wyatt died from the combined effects of the stab wounds, and that it took approximately ten to twenty minutes for Wyatt to bleed to death.

---

[1] The crimes occurred on November 27, 1995. Barber was indicted in the March 1996 term for malice murder, felony murder, aggravated assault, armed robbery, and theft by taking a motor vehicle. The jury returned its verdict on October 3, 1996, finding Barber guilty of voluntary manslaughter, felony murder, aggravated assault, armed robbery, and theft by taking a motor vehicle. He was sentenced on October 25, 1996. A notice of appeal was filed on November 14, 1996. The appeal was docketed in this Court on December 13, 1996, and was orally argued on March 17, 1997.

1. The evidence at trial was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Barber was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. However, Barber must be given a new trial because the superior court erred in refusing to admit the testimony of three witnesses, with which Barber sought to establish Wyatt's propensity for seeking out and sexually assaulting young men and boys in a manner consistent with Barber's claim of justification.

Evidence of specific acts of violence by a victim against third persons is admissible where the defendant claims justification, provides proper notice, and makes a prima facie showing that the victim was the aggressor. *Chandler v. State*, 261 Ga. 402, 407 (3) (405 SE2d 669) (1991). Such evidence is admissible to show the victim's character for violence or tendency to act in accordance with his or her character as it relates to the defendant's claim of justification. *Chandler v. State*, supra; *Lolley v. State*, 259 Ga. 605, 608 (385 SE2d 285) (1989); *Ochle v. State*, 218 Ga. App. 69, 73 (5) (459 SE2d 560) (1995).

Barber met the notice requirements for the admission of specific acts of violence by the victim, and made a showing that Wyatt was the aggressor. Barber sought to introduce prior acts of molestation and sexual assault by Wyatt against five individuals: Watkins, Padgett, Hooper, James, and Loudermilk.

Watkins testified that he got into an automobile with Wyatt to assist in hauling off trash, but that Wyatt stopped the automobile on a dirt road to relieve himself, returned with his pants down and attempted sexual activity with Watkins. Later, Wyatt wielded a shotgun when he warned 13-year-old Watkins not to tell anyone about the incident.

Padgett stated that Wyatt approached him about cutting grass at Wyatt's house. Padgett agreed to mow the grass and got into Wyatt's automobile. During the drive, Wyatt stopped the car on a dirt road to relieve himself. When Wyatt returned to the car, his zipper was undone and he instigated sexual activity with Padgett. Padgett was 15 years old at the time.

When Hooper was 13, Wyatt gave him alcohol, showed him pornographic material, and attempted to sexually molest him. Hooper escaped by hitting Wyatt on the head with an ashtray.

James testified that Wyatt offered him a job delivering hair products, and while they were riding on a dirt road Wyatt exposed himself and attempted to sexually molest James. James escaped by taking Wyatt's automobile. James was 18 years old at the time of the incident.

Loudermilk related that while Wyatt was cutting his hair Wyatt threatened him with a straight blade razor and fondled his groin.

The trial court permitted the evidence of prior acts toward Watkins and Loudermilk because it found that the acts of molestation and sexual assault were accompanied by independent acts of violence, that is, that Wyatt threatened Watkins with a shotgun and Loudermilk with a straight blade razor. Following this reasoning, the court excluded the testimony of Padgett, Hooper, and James on the basis that Wyatt's acts of molestation and sexual assault did not involve violence.

We disagree with the trial court that Wyatt's actions of forcibly molesting and sexually assaulting these young men and boys did not involve violence for the purpose of establishing a claim of justification. See *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997). The excluded testimony involved acts demonstrating Wyatt's propensity for seeking out young men and boys for sexual assault in a manner consistent with Barber's version of events. Whether or not Barber's actions constituted self-defense or aggression toward Wyatt was for the jury to determine, and "[i]f there was doubt as to admissibility of [prior acts] evidence, it was better admitted and its weight and credibility left to the jury." *Ochle v. State*, supra at 73 (5). Because this evidence is highly relevant to Barber's sole defense of justification, its exclusion cannot be found to be harmless as a matter of law.

3. The decision that Barber must be given a new trial renders it unnecessary to address his remaining contentions of error.

*Judgments reversed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED JUNE 30, 1997.

*Cook, Noell, Tolley & Wiggins, Edward D. Tolley, Ronald E. Houser,* for appellant.

*Lindsay A. Tise, Jr., District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.