## S01A0055. BLAIR v. THE STATE.
(543 SE2d 685)

HUNSTEIN, Justice.

Shannon Eliga Blair was convicted of felony murder and arson arising out of the stabbing death of Bobby Payton.[1] Finding no reversible error by the trial court, we affirm.

1. The jury was authorized to find that Blair had worked for the victim at a sandwich shop for four years and had engaged in occasional sexual acts with the victim over that four year period. On the day of the crimes, Blair, who was twenty years old, entered Payton's trailer home, to which he had the key, and woke the sleeping victim. They argued and the victim told Blair, "I don't want you no more." Blair initially left the home then returned to the kitchen where the victim advanced on Blair while "look[ing] mean at me, angry." Blair grabbed a kitchen knife and stabbed the victim 37 times, 23 in the back. Blair then set fire to the body and the trailer, burning himself in the process. Clothing items found in an area from which Blair was seen leaving had blood from the victim and a hair matching Blair's. In several voluntary statements Blair made to police, he stated that he loved the victim and did not indicate that their relationship was not consensual. There was evidence that Blair was a gambler, that the victim had helped Blair with his gambling debts before, and that Blair was the exclusive beneficiary of the victim's life insurance.

It was a question for the jury whether the circumstances justified Blair's use of a deadly weapon against the victim. See *Akins v. State*, 269 Ga. 838 (1) (504 SE2d 196) (1998). We find the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Blair did not act in self-defense when he stabbed the victim and that he was guilty of felony murder and arson. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Blair contends the trial court erred by improperly restricting defense counsel's opening statement. However, opening statements were not transcribed. "With neither an original transcript nor one prepared from recollection, we must presume that the trial court did not commit reversible error in controlling the content of defense

---

[1] The crimes occurred late February 23 or early February 24, 1997. Blair was indicted June 17, 1997 in Carroll County on charges of murder, felony murder based on the underlying felony of aggravated assault, first degree arson and possession of a gun or knife during the commission of a crime. He was found guilty of felony murder and arson on May 1, 1998 and was sentenced the same day to life imprisonment for the felony murder conviction with a consecutive 20 year sentence on the arson conviction. His motion for new trial, filed on May 26, 1998 and amended on March 2 and 3, 2000, was denied on June 27, 2000. A notice of appeal was filed July 18, 2000. The appeal was docketed September 21, 2000 and was orally argued January 22, 2001.

counsel's statement. [Cits.]" *Houston v. State*, 217 Ga. App. 279 (3) (456 SE2d 766) (1995).

3. Blair contends error in the exclusion of specific acts committed by the victim which Blair argues were relevant to his justification defense in that the evidence showed that the victim sought out and sexually assaulted young men and boys. See *Barber v. State*, 268 Ga. 156 (2) (486 SE2d 353) (1997).

> "As a general rule, a victim's character is not relevant or admissible in the murder trial. There is an exception when the defendant claims justification and offers evidence that the deceased was the first aggressor." Under this exception, a defendant may present evidence of the victim's specific acts of violence against the defendant and third persons. "Such evidence is admissible to show the victim's character for violence or tendency to act in accordance with his or her character as it relates to the defendant's claim of justification."

(Footnotes omitted.) *Owens v. State*, 270 Ga. 199, 201 (2) (509 SE2d 905) (1998). Even assuming, arguendo, that Blair sufficiently established that the victim was the aggressor, the proffered evidence excluded by the trial court failed to reflect "specific acts of violence." The proffered evidence consisted of testimony by two witnesses and a videotape. The first witness, Bryant, was a sandwich shop employee who would have testified that he declined the victim's repeated social invitations, told the victim that he (Bryant) "wasn't queer," and was subsequently fired. The second witness was Grendel, a 29-year-old married man who, together with his wife and child, was living with the victim. Grendel would have testified that the victim, while having drinks with Grendel and Grendel's wife, put his hand between Grendel's legs then removed it saying he was "funning." As to the excluded videotape, it is uncontroverted that the tape did not show any violent act or forced sexual contact but rather contained crude horseplay and sexually-explicit language at a birthday party for one of the victim's lovers at the victim's home. In light of the nature of the proffered evidence, we find no abuse of the trial court's discretion in excluding the testimony and videotape because the evidence failed to establish the victim's alleged propensity for sexually assaulting young men or boys. Compare *Barber*, supra.

4. Blair contends the trial court erred by excluding testimony by defense expert Dr. Buchanan that Blair had been sexually abused by the victim as a child and that the abuse was not consensual. The State challenged the admission of the testimony on the ground that it was cumulative, pointing out to the trial court that Dr. Loring,

another expert defense witness, had based her diagnosis that Blair suffered from the battered person syndrome in part on the conclusion that Blair had been forcefully sexually assaulted by the victim. We need not address Blair's arguments regarding the propriety of the State's argument or the other bases given by the trial court for excluding Dr. Buchanan's testimony[2] since we find that the exclusion of this evidence, even if error, was harmless in light of the overwhelming evidence of Blair's guilt. See generally *Laney v. State*, 271 Ga. 194 (8) (515 SE2d 610) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001 —
RECONSIDERATION DENIED APRIL 6, 2001.

*Germano & Kimmey, John L. Kimmey III, C. David Turk III*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin W. Drummond, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.

---

[2] The trial court excluded the testimony because Dr. Buchanan was not qualified as an expert in adult psychology, Blair was an adult at the time the crimes were committed, and the question of whether Blair was sexually assaulted as a child was not relevant to his trial on the charged crimes.