## A03A1052. FIELDS v. THE STATE.
### (587 SE2d 171)

MILLER, Judge.

Billy Fields was charged with one count of aggravated assault and one count of possession of a firearm during the commission of a felony. Following a jury trial, he was acquitted on the aggravated assault charge but was convicted on the possession of a firearm during the commission of a felony charge. On appeal Fields argues that the conviction for possession of a firearm during the commission of a felony must be reversed, as it is unsupported by the evidence and is inconsistent with the jury's finding that Fields was not guilty of aggravated assault (the predicate felony). Since the inconsistent verdict rule has been abolished in Georgia and the evidence was sufficient to sustain the conviction for possession of a firearm during the commission of a felony, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that Fields got into a heated argument with the victim. At some point during the argument, Fields pulled out a gun and shot the victim two times in the back. Fields then fled from the scene before police arrived. Although Fields claimed that the victim had a gun and that he shot the victim in self-defense, no other witnesses saw the victim with any gun, nor did the police find any gun on or near the victim when they arrived at the scene. Fields was arrested six days after the incident.

Fields was convicted of possession of a firearm during the commission of a felony, and acquitted of aggravated assault. Following the denial of his motion for new trial, Fields appeals.

Fields argues that his acquittal on the aggravated assault charge proves that the jury believed his story of self-defense, and that the acquittal mandates that his conviction for possession of a firearm during the commission of a felony be reversed under the inconsistent verdict rule. We disagree.

The Supreme Court of Georgia abolished the inconsistent verdict rule in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), and the relevant question on appeal is whether the evidence viewed in the light most favorable to the conviction is sufficient to support the verdict. *Ridley v. State*, 240 Ga. App. 307, 309 (4) (523 SE2d 383) (1999). As further explained in *Kimble v. State*, 236 Ga. App. 391, 393

(512 SE2d 306) (1999), citing *United States v. Powell*, 469 U. S. 57, 65-66 (2) (105 SC 471, 83 LE2d 461) (1984):

> [I]nconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. . . . The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable.

(Punctuation omitted.)

Here, the evidence was sufficient for a rational trier of fact to conclude that Fields was guilty of the charged offense beyond a reasonable doubt. See OCGA § 16-11-106 (b) (1). The jury was free to believe or disbelieve Fields's testimony that he acted in self-defense, and his argument that the inconsistency of the verdict demands a different result is entirely without merit.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED AUGUST 29, 2003.

*Gary M. Newberry*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.