S04A1894. STEPHENS v. THE STATE.
(609 SE2d 344)

HUNSTEIN, Justice.

Jasper Stephens was indicted for malice murder, felony murder with possession of a firearm by a convicted felon as the underlying offense, and possession of a firearm during the commission of a felony, all in connection with the shooting death of Otis Stallion.[1] The trial

---

[1] The crimes occurred on November 2, 2001. Stephens was indicted May 14, 2002 in Bibb County and found guilty on August 15, 2002. He was sentenced to life imprisonment for the felony murder and 15 years to be served consecutively for possession of a firearm during the commission of a felony. His motion for new trial, filed September 18, 2002, and amended

court granted Stephens's motion to bifurcate the malice murder count from the remainder of the counts predicated upon the status offenses of possession of a firearm by a convicted felon. The jury found Stephens not guilty of malice murder, but in the succeeding phase of the trial, determined he was guilty of felony murder and the possession charges. He appeals from the denial of his amended motion for new trial. Finding no error, we affirm.

The jury was authorized to find that Stephens was at his grandmother's residence on May Avenue in Macon when a vehicle pulled up to the house. Philip Evans, the victim's cousin, sat in the driver's seat, Jarryl Clark in the front seat and the victim, in the back seat. Several eyewitnesses testified that Stephens opened the back door of the car, slapped the victim in the face several times, and demanded the fifteen dollars the victim owed him. Evans gave Stephens a twenty dollar bill and Stephens gave him change. After the exchange of money, Stephens slapped the victim again and told the victim that he was "going to die tonight anyway." Stephens then leaned in and shot the victim. The victim died from a single gunshot wound to the upper abdomen. There was conflicting testimony as to whether the victim had a gun or appeared to reach for something under the car seat. Stephens testified that during the altercation he shot and killed the victim after the victim reached for a weapon.

1. We conclude there was sufficient evidence from which a rational trier of fact could have found Stephens guilty beyond a reasonable doubt of felony murder and the multiple possession of a firearm charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying Stephens's motion for new trial.

2. Stephens's assertion that the trial court erred in finding the status offense of possession of a firearm by a convicted felon was sufficiently dangerous and connected to the murder to serve as the underlying felony for the felony murder conviction lacks merit. The record shows that Stephens was a convicted felon, possessed a firearm, and used the firearm during the altercation which resulted in the victim's death. Thus, the possession charge was sufficiently connected to the murder to serve as the underlying felony for a felony murder conviction.[2] *Metts v. State*, 270 Ga. 481 (1) (511 SE2d 508) (1999). See also *Mosley v. State*, 272 Ga. 881 (3) (536 SE2d 150) (2000); *Roller v. State*, 265 Ga. 213 (2) (453 SE2d 740) (1995). Compare *Ford v. State*, 262 Ga. 602 (423 SE2d 255) (1992) (act of discharging pistol

December 2, 2003, was denied January 12, 2004. A notice of appeal was filed January 23, 2004. The appeal was docketed July 26, 2004 and orally argued November 8, 2004.

[2] We decline Stephens's request to apply *Griffin v. Commonwealth*, 533 SE2d 653 (Va. App. 2000) to change the established law in Georgia regarding status offenses.

while trying to empty it was not inherently dangerous to human life).

3. Stephens's contention that his felony murder and possession of a firearm convictions must be set aside because the jury returned an acquittal on the malice murder count lacks merit. See *Jones v. State*, 276 Ga. 663 (2) (581 SE2d 546) (2003). Furthermore, this case does not involve mutually exclusive verdicts, compare *Dumas v. State*, 266 Ga. 797 (2) (471 SE2d 508) (1996), and to the extent Stephens complains that his convictions are inconsistent with the malice murder acquittal, we note that any alleged inconsistency cannot be used as an avenue to challenge the conviction since the "inconsistent-verdict rule" has been abolished in this state. See *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986) (a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count). See also *Huntley v. State*, 271 Ga. 227 (3) (518 SE2d 890) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 2005.

*Veronica E. Brinson*, for appellant.

*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.

