## A05A1103. THE STATE v. ROBINSON.
### (619 SE2d 806)

MIKELL, Judge.

Elmo Robinson was charged with aggravated assault, OCGA § 16-5-21, and possession of a firearm during the commission of a crime, OCGA § 16-11-106. Following a trial, the jury found him not guilty of the aggravated assault charge and convicted him of possession of a firearm during the commission of a crime. Robinson filed a motion in arrest of judgment, in which he argued that his acquittal on the aggravated assault charge invalidated the conviction for possession of a firearm, and the trial court granted the motion. The state appeals, arguing that the trial court erred in granting the motion because Georgia does not recognize the inconsistent verdict rule. We agree and reverse the trial court's grant of Robinson's motion in arrest of judgment.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Thomas v. State*, 262 Ga. App. 492 (1) (589 SE2d 243) (2003). So viewed, the record shows that on February 9, 2004, Angela Lee was standing in front of her beauty shop when she witnessed a fistfight across the street between Robinson and Antonio Dixon. Dixon retreated from the fight, and Robinson pulled out a silver revolver. Dixon then ran toward Robinson, who fired the gun. Dixon raised his shirt and stated that he did not have a weapon. Robinson fired again, striking Dixon in the abdomen. Dixon then fled the scene. A relative took Dixon to the hospital, where he underwent surgery to repair his small intestine.

The state properly assigns error to the trial court's grant of Robinson's motion in arrest of judgment on the ground that Georgia does not recognize the inconsistent verdict rule. "The Supreme Court of Georgia abolished the inconsistent verdict rule in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), and the relevant question on appeal is whether the evidence viewed in the light most favorable to the conviction is sufficient to support the verdict." (Citation omitted.) *Fields v. State*, 263 Ga. App. 11 (587 SE2d 171) (2003).

> [I]nconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. . . . The fact that the inconsistency may be the result of lenity, coupled with the Government's

inability to invoke review, suggests that inconsistent verdicts should not be reviewable.

*Kimble v. State*, 236 Ga. App. 391, 393 (1) (512 SE2d 306) (1999), citing *United States v. Powell*, 469 U. S. 57, 65-66 (105 SC 471, 83 LE2d 461) (1984). Accord *Fields*, supra. "[T]he issue is not whether an acquittal on one charge would logically necessitate acquittal on another charge on which the jury convicted the defendant; rather[,] the sole question is whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict." (Citation omitted.) *Kimble*, supra at 395 (1). Here, the evidence was sufficient for a rational trier of fact to conclude that Robinson was guilty of the charged offense beyond a reasonable doubt. OCGA § 16-11-106 (b) (1). Accordingly, we reverse the trial court's grant of the motion in arrest of judgment.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 15, 2005.

*Richard E. Currie, District Attorney, Cecelia Harris, Assistant District Attorney,* for appellant.

*Martin H. Eaves,* for appellee.