## S08A0012. EDMOND v. THE STATE.

(661 SE2d 520)

HUNSTEIN, Presiding Justice.

Appellant Darrell C. Edmond was convicted of felony murder in connection with the death of Cynthia Wiggins and theft by taking the victim's car. The trial court denied Edmond's motion for new trial[1] and he appeals.

1. The evidence authorized the jury to find that the victim left home in her white 2001 Buick Park Avenue on the afternoon of April 2, 2002, telling her husband that she would be back shortly. She met Darrell Edmond, with whom she had had a relationship for several years, at the Royal Inn motel in Floyd County. She did not return home.

Edmond picked up Kim Stevens in DeKalb County in the early morning hours of April 4; he was driving a white 2001 Park Avenue. The two rode around for several hours while Edmond made numerous attempts to withdraw money using an ATM card that he did not have the PIN code for, and then went to Stevens's apartment. At some point thereafter, Stevens went out to the car and saw a female body wearing Tommy Hilfiger clothing inside a laundry basket in the trunk. She retrieved the contents of the glove compartment, which included the victim's driver's license and ATM card, ran back inside, and had her son tell Edmond to leave. Stevens called the police to report what she had seen; DeKalb County authorities determined that the vehicle Edmond was driving was registered to the victim, and contacted Floyd County police.

Police in Floyd County developed information that the victim had been with Edmond and that he had been registered at the Royal Inn. A search of his room resulted in the discovery of a smear of blood on the refrigerator door that was later determined to contain the victim's DNA; a handwritten message in a notebook belonging to Edmond stating, "Mother I fucked up, and I can't keep going like this[.] I love you all."; and a blue lid to a large Sterilite brand plastic tub. Police contacted Edmond's family members for information regarding his whereabouts and eventually located him with the victim's car in Delaware. On April 29, 2002, he was arrested by U. S. Marshals and extradited to DeKalb County on a murder warrant.

---

[1] The crimes occurred on or about April 2, 2002. Edmond was indicted in Floyd County on November 8, 2002 and charged with felony murder based on aggravated assault, voluntary manslaughter, involuntary manslaughter, and theft by taking. On November 20, 2003, he was found guilty of felony murder and theft by taking, and sentenced to ten years on the theft conviction and a consecutive term of life imprisonment for felony murder. Edmond's motion for new trial was filed on December 17, 2003, amended on February 6, 2007, and denied on August 2, 2007; his notice of appeal was timely filed. The appeal was docketed in this Court on September 5, 2007 and submitted for decision on the briefs.

When DeKalb County dismissed the charges against Edmond for lack of venue, he was transferred to Floyd County.

On November 8, 2002, Edmond was indicted on charges of felony murder based on aggravated assault, voluntary manslaughter, involuntary manslaughter during a simple battery, and theft by taking. On December 10, 2002, decomposed remains were found alongside I-85 in South Carolina; the body was wearing Tommy Hilfiger clothing and was partially inside the overturned bottom portion of a blue Sterilite plastic tub, which was of a size to fit the lid found in Edmond's motel room. The cause of death was determined to be blunt force trauma to the head, and DNA results confirmed the identity of the body as that of the victim.

Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find Edmond guilty beyond a reasonable doubt of felony murder based on aggravated assault and theft by taking the victim's car. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Edmond contends that the trial court erred by denying his motion for a change of venue due to pretrial publicity. During voir dire, 13 of the 30 members of the jury pool indicated that they recalled reading or hearing media reports about the case. None of the prospective jurors said that they had formed an opinion as to Edmond's guilt or innocence, and none were excused for cause.

> The trial court has the discretion to grant a change of venue and its discretion will not be disturbed absent an abuse of that discretion. In a motion for a change of venue, the petitioner must show (1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible. We cannot say the trial court abused its discretion when [Edmond]: (1) made no showing that the setting of the trial was inherently prejudicial, i.e., that any publicity was factually incorrect, inflammatory, or reflective of an atmosphere of hostility; and (2) failed to demonstrate that (he) could not receive a fair trial due to the prejudice of individual jurors since (no) potential jurors were excused for having a fixed opinion about [Edmond's] guilt . . . (and the remaining prospective jurors who had been exposed to pretrial publicity about the case indicated they could render a decision based on the evidence).

(Citations and punctuation omitted.) *Morgan v. State*, 276 Ga. 72, 75 (4) (575 SE2d 468) (2003). See also *Miller v. State*, 275 Ga. 730 (4) (571 SE2d 788) (2002) (excusal of 15.2% of prospective jurors due to

exposure to pretrial publicity insufficient to require change of venue). Accordingly, this enumeration of error has no merit.

3. Edmond argues that the trial court erred by denying his motion for a directed verdict based on the State's failure to prove venue in Floyd County. A criminal case must be tried in the county where the crime was committed, Ga. Const. (1983), Art. VI, Sec. II, Par. VI, but

> [i]f in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it *might* have been committed.

(Emphasis supplied.) OCGA § 17-2-2 (h). The State has the burden of proving venue, and it may do so using either direct or circumstantial evidence. *Jones v. State*, 272 Ga. 900 (2) (537 SE2d 80) (2000). Here, evidence that the victim was last seen alive in Floyd County and that her blood was found in a motel room in Floyd County was sufficient to establish that the crimes might have been committed in Floyd County.

4. Edmond also claims that the trial court erred in charging the jury on venue using the language of OCGA § 17-2-2 (h) quoted in Division 3, supra, arguing that the use of the phrase "it shall be considered" created a presumption that impermissibly shifted the burden of persuasion on the element of venue to him. Although we have previously set forth the better practice of charging the jury that it "may consider" whether the crime was committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed, *Napier v. State*, 276 Ga. 769, 772 (2) (583 SE2d 825) (2003), no improper burden-shifting presumption was created here. The trial court instructed the jury that each element of a crime must be proved beyond a reasonable doubt; that venue is an element of any crime; that the State has the burden of proof on each element; and that such burden never shifts to the defendant. Considered as a whole, the trial court's charge was not misleading or confusing. See generally *Laster v. State*, 276 Ga. 645 (5) (581 SE2d 522) (2003).

■ Edmond alleges that the trial court erred by denying his motion for a directed verdict due to insufficiency of the indictment, as there was no indication therein as to the manner in which the aggravated assault, upon which the felony murder charge was based, was committed. However,

> [Edmond's] contention that the felony murder indictment was deficient because it did not contain all the essential elements of the underlying crime of aggravated assault is, in

essence, a special demurrer seeking greater specificity with regard to the predicate felony. We agree with the State that [Edmond's] failure to file his special demurrer seeking additional information before pleading not guilty to the indictment constitutes a waiver of his right to be tried on a perfect indictment. [Cits.]

(Footnote omitted.) *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005).

6. Edmond claims that the trial court erred by allowing Kimberly Bullock, the victim's niece, to testify that Eva Crawford, Edmond's mother, told Bullock that Edmond had said in a telephone conversation with Crawford that the victim was dead and he had killed her. The trial court admitted this testimony as a prior inconsistent statement because Crawford, who had been on the stand just prior to Bullock, testified that Edmond told her the victim had jumped on him; he pushed her and she hit her head; but she was "okay" when he last saw her.

The prior inconsistent statement of a witness who is present and available for cross-examination may be admitted as substantive evidence, *Brinson v. State*, 268 Ga. 227 (2) (486 SE2d 830) (1997), or as impeachment evidence if "the time, place, person, and circumstances attending the former statement[ are] called to his mind with as much certainty as possible." OCGA § 24-9-83. " 'The purpose of laying such a foundation is to give the witness the opportunity to explain or deny the prior contradictory statement.' [Cit.]" *Meschino v. State*, 259 Ga. 611, 614-615 (2) (b) (385 SE2d 281) (1989). Here, however, Crawford testified before the issue of her alleged statement to Bullock had been raised, and she was never questioned with the specificity necessary to establish the foundation for admission of any such statement.[2] Thus, the trial court erred in admitting the testimony at issue as a prior inconsistent statement.

While arguably the statement may have been admissible without this foundation to impeach Crawford's testimony pursuant to OCGA § 24-9-82, i.e., by disproving the facts testified to by her, it could not have been used to prove the truth of the matter asserted. *Childress v. State*, 266 Ga. 425 (4) (467 SE2d 865) (1996).[3] However,

---

[2] Crawford was asked whether she had been in contact with members of the victim's family during the time that police were attempting to locate Edmond, and she responded affirmatively. When asked whether she talked to Kim Bullock, Crawford said that she had spoken with a young lady, but the name was not familiar.

[3] Because there was no further questioning on this issue and closing arguments were not transcribed, we cannot determine whether the statement was used for impeachment purposes or as substantive evidence.

even assuming, arguendo, it was error to admit the testimony, in light of the overwhelming evidence implicating Edmond in the victim's death, it is highly probable that this error did not contribute to the verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). See also *Heard v. State*, 274 Ga. 196 (6) (552 SE2d 818) (2001) (admission of hearsay does not require reversal unless defendant suffered harm therefrom).

7. Edmond argues that the trial court erred by denying his motion for new trial based on a claim of ineffective assistance of counsel, asserting in general terms that counsel's communication with him and preparation for trial were inadequate; that counsel failed to call, to cross-examine, or to impeach unspecified witnesses; and that counsel failed to make unspecified objections. To succeed on a claim of ineffective assistance of counsel, an appellant must show both that his counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). A trial court's finding that counsel has rendered effective assistance will be affirmed unless clearly erroneous, *Mayberry v. State*, 281 Ga. 144 (2) (635 SE2d 736) (2006), and our review of the transcript from the hearing on Edmond's motion for new trial reveals no such error.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008.

*James E. Goad*, for appellant.
*Leigh E. Patterson, District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.