A09A0897. HARRIS v. THE STATE.

(680 SE2d 693)

MIKELL, Judge.

Carl Ardrecus Harris was indicted on one count of malice murder and one count of felony murder in connection with the shooting of Michael McKenzie. After a jury trial, Harris was convicted of voluntary manslaughter. On appeal, Harris challenges the sufficiency of the evidence and argues that the trial court erroneously excluded references to the victim's gang affiliation while permitting references to Harris's alleged gang affiliation. Addition

---

ally, Harris maintains that the trial court's denial of his motion for mistrial after a reference to his alleged gang affiliation constituted error and that the trial court erroneously excluded evidence of the victim's penchant for carrying guns. Finding no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence."[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] So viewed, the record shows that on the afternoon of September 3, 2007, in Macon, Michael McKenzie was shot seven times on both sides of his upper body by Harris. Harris testified that he shot McKenzie in self-defense after the two of them argued and McKenzie threatened to harm Harris's family and pointed a gun at him. Harris testified that he and McKenzie had also argued on the telephone two days before the shooting. Harris testified that he left the scene and fled to Atlanta because he was afraid.

Della Mae Johnson, who resided at 1512 Wellworth Avenue, testified that on September 1, 2007, two days before the shooting, a group of young men, including her son Rico Johnson and Harris, were arguing near her front door. Johnson testified that she called the police after she heard Harris tell her son that "if your ma were not here I'd drop you." Detective Carey Van of the Macon Police Department responded to the call, but the crowd had dispersed by the time he arrived. Johnson directed Van to Sandra Troutman's home at 1503 Wellworth, where Harris lived, and Van told Troutman to tell Harris to stay away from Johnson's home. On the day of the shooting, Labor Day, Johnson testified that she heard what she thought was the sound of firecrackers but later learned were gunshots and saw that McKenzie had been shot.

Tommy Wilburn, a close friend of McKenzie, testified that he grew up in the neighborhood where McKenzie was shot and that McKenzie had lived there for a period of time; that he witnessed the argument that occurred on September 1, and heard Harris, who appeared to be intoxicated, threaten everyone present; that on the day of the shooting, he spoke to McKenzie who appeared to be relaxed and happy; that he saw McKenzie and Harris talking near McKenzie's car; that he saw McKenzie put his hands in the air, walk

---

[1] (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

back to his car, and sit down in his car; and that he saw Harris, who was standing beside the car, shooting into the car. Wilburn recalled that as he and others approached the car, Harris asked, "Did [they] want some, too?"

Sergeant James Brainard, who was employed at the Macon Police Department Crime Lab, testified that he collected eight shell casings from the scene that were fired from a semi-automatic weapon. Based on the location of the bullet holes in the car and the shell casings in the street, Brainard testified that the investigation revealed that the shooter was either standing at the window firing down or that the driver's door was open when the shooting occurred.

1. In his first enumerated error, Harris challenges the sufficiency of the evidence, arguing that the evidence shows that he was justified in his use of deadly force. However, as is witness credibility, the question of justification is for the jury.[3] Consequently, the jury was free to reject Harris's claim that he shot McKenzie in self-defense.[4] In light of the testimony of the other witnesses, the evidence was sufficient to enable a rational trier of fact to find Harris guilty beyond a reasonable doubt of the voluntary manslaughter of McKenzie.[5]

2. In his second enumeration of error, Harris argues that the trial court erred when it excluded evidence of McKenzie's gang affiliation while permitting references to his gang affiliation. Prior to trial, the state filed a motion in limine to exclude references to the victim's and other witnesses' gang affiliation, which the trial court granted. During the trial, Harris was permitted to testify at length that he was afraid of McKenzie and knew that he was the type of person who carried out his threats, but was not allowed to talk about McKenzie's alleged gang affiliation.[6] After trial, Harris was allowed to proffer the evidence he sought to introduce regarding the gang activity of the victim and the witnesses but the trial court did not change its ruling after determining that the evidence did not establish the gang membership of the victim or witnesses at the time of the crime.

Evidence of a defendant's gang affiliation has been held relevant

---

[3] *Robinson v. State*, 283 Ga. 229, 230 (1) (657 SE2d 822) (2008).

[4] Id. See also *Roper v. State*, 281 Ga. 878, 880 (1) (644 SE2d 120) (2007).

[5] *Jackson v. Virginia*, supra.

[6] See *Johnson v. State*, 221 Ga. App. 267, 270 (3) (471 SE2d 46) (1996) (defendant allowed to testify about violence in her neighborhood to explain why she was carrying a gun but gang activity of victim excluded as irrelevant). Compare *Navarro v. State*, 279 Ga. App. 311, 318 (4) (c) (630 SE2d 893) (2006) (evidence showed that crime was gang-related, thus evidence of victim's and defendant's gang affiliation was admitted).

and admissible to show motive despite the fact that it incidentally places the defendant's character in evidence.[7] However, on reviewing the question of whether a victim's gang affiliation is admissible at trial, our Supreme Court has held that although evidence of the victim's specific acts of violence against third persons when the defendant is claiming justification is admissible, "[m]ere membership in a gang is not a specific act of violence."[8] Therefore, such evidence is not admissible or relevant.[9] The Court also pointed out that "the victim's character is rarely relevant for any purpose in a criminal proceeding."[10] Because we find no abuse of discretion in the trial court's ruling,[11] this enumerated error fails.

3. Harris moved for a mistrial after Ron Neal, one of the state's witnesses, testified that during the argument on September 1, 2007, Harris said he would flood the neighborhood with 100 "Crypts," which Harris argues implies that he was a gang member. The trial court denied the motion for mistrial but gave a curative instruction, which stated, in pertinent part:

> [T]his case is not about gang activity or anyone's involvement with or participation in gang activities. You are not to consider as evidence any reference made to such activity or affiliation by a witness or counsel, regardless of which person it may be directed toward; that is, Carl Harris, Michael McKenzie, or any witness in this case.

Harris argues that despite the curative instruction, Neal's testimony improperly placed Harris's character into evidence. At trial, however, Harris did not renew his motion for mistrial after the curative instruction was given; thus, he waived this issue for purposes of appeal.[12] Nonetheless, even if Harris had renewed his motion, we would have found no abuse of discretion in the trial court's denial of the motion for mistrial as the curative instructions adequately preserved Harris's right to a fair trial.[13]

4. Harris argues that the trial court erred when it excluded

---

[7] *Willoughby v. State*, 280 Ga. 176, 178 (3) (626 SE2d 112) (2006). See, e.g., *Edge v. State*, 275 Ga. 311, 313 (3) (567 SE2d 1) (2002); *Mallory v. State*, 271 Ga. 150, 153 (6) (517 SE2d 780) (1999); *Clark v. State*, 271 Ga. 6, 9 (4) (515 SE2d 155) (1999).

[8] *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999).

[9] Id.

[10] (Citations omitted.) Id.

[11] See *Haywood v. State*, 283 Ga. App. 568, 569 (642 SE2d 203) (2007) (admission of evidence rests within trial court's sole discretion).

[12] *Thomason v. State*, 281 Ga. 429, 434 (13) (637 SE2d 639) (2006).

[13] See *Hargett v. State*, 285 Ga. 82, 86 (3) (e) (674 SE2d 261) (2009); *Bell v. State*, 294 Ga. App. 779, 782 (5) (670 SE2d 476) (2008).

evidence of McKenzie's penchant for carrying guns and his general reputation for violence. Harris maintains that evidence that McKenzie was a gang member, that McKenzie threatened his family, and that McKenzie was present in a home where drugs were found should have been admitted. We disagree.

For reasons discussed in Division 2, evidence that McKenzie was a gang member was not admissible. Furthermore, the record belies Harris's contention that he was not permitted to introduce evidence that McKenzie threatened his family and that he was afraid of what McKenzie might do.[14] Regarding McKenzie's alleged penchant for carrying guns, Harris offered no evidence to support this claim. The state filed a motion in limine to exclude evidence pertaining to a 2005 police report that described the search of a residence during which McKenzie was present in a home where guns were found. Although Harris does not explicitly challenge the trial court's ruling, he mentions this fact as evidence of McKenzie's alleged penchant for carrying guns. The officer who executed the 2005 search warrant testified that McKenzie did not live at the residence where the guns were found; that McKenzie gave the officers consent to search his car, which search revealed no contraband or weapons; and that McKenzie was not arrested in connection with the search. The trial court denied the motion in limine, after concluding that there was no way to connect the weapons to McKenzie. We find no abuse of discretion in this decision. As stated earlier, evidence of specific acts of violence that McKenzie committed against third persons would have been admissible,[15] but Harris offered no such evidence. Accordingly, this error fails as well.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 2, 2009.

*Tera E. Edwards*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney*, for appellee.

---

[14] This testimony was permitted, albeit as a part of Harris's justification defense, even though threats of harm do not qualify as prior acts of violence. See *Lowe v. State*, 267 Ga. 410, 414 (5) (a) (478 SE2d 762) (1996) (threats of harm do not qualify as prior acts of violence against a third party).

[15] See *Kolokouris*, supra.