## A10A1701. DANIELY v. THE STATE.
(709 SE2d 274)

PHIPPS, Presiding Judge.

After a jury trial, Larry Donnell Daniely was convicted of voluntary manslaughter (as a lesser offense to felony murder) and possession of a knife during the commission of a felony. He was acquitted of other charges, including aggravated assault. Daniely argues on appeal that there was insufficient evidence to support his conviction for possession of a knife during the commission of a felony. He also argues that the trial court erred in certain evidentiary rulings. For the following reasons, we affirm.

The evidence showed that on April 1, 2008, Daniely got into an

---

[13] OCGA § 16-14-3 (9) (A) (viii).

argument with his former girlfriend, Stephanie Martinez, at a hotel where Martinez had been staying. Some time later, Martinez and a friend encountered Daniely in a breezeway of the hotel. Martinez and Daniely again began to argue. Michael Black (who was the boyfriend of Martinez's friend) approached the group, and he and Daniely began to fight. Two witnesses to the fight saw a knife in Daniely's hand. During the fight, Black was stabbed and he died shortly thereafter.

1. Daniely was convicted of possession of a knife during the commission of a felony, in violation of OCGA § 16-11-106 (b) (1), which provides, in pertinent part,

> [a]ny person who shall have on or within arm's reach of his or her person . . . a knife having a blade of three or more inches in length during the commission of, or the attempt to commit: . . . [a]ny crime against or involving the person of another . . . and which crime is a felony, commits a felony[.]

The indictment charged Daniely with possessing the knife during the commission of the crime of aggravated assault.[1] Daniely, however, was acquitted of aggravated assault. For that reason, he argues that the evidence was insufficient to support the possession of a knife conviction.

Daniely's argument is unfounded. "[T]he Supreme Court of Georgia has abolished the rule against inconsistent verdicts because an appellate court does not know the reasons for a jury's verdict."[2] Accordingly,

> (a)ppellate courts need not invalidate a conviction on a compound offense (such as the offense of possession of a [knife] during the commission of a crime in the present case) which is logically inconsistent with an acquittal on the predicate or underlying offense (in this case, [aggravated assault]) because the appellate court cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense. The reason

---

[1] See OCGA § 16-5-20 (a) (a person commits assault when he either attempts to commit a violent injury to the person of another or commits an act which places another in reasonable apprehension of immediately receiving a violent injury); OCGA § 16-5-21 (a) (2) (a person commits aggravated assault when he assaults with a deadly weapon or any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury).

[2] *Williams v. State*, 270 Ga. App. 424, 426 (2) (606 SE2d 871) (2004) (footnote omitted). See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986) (abolishing inconsistent verdict rule in criminal cases).

could be an error by the jury in its consideration or it could be mistake, compromise, or lenity, but as a matter of prudence, the conviction on the compound offense should be upheld so long as the evidence will support it.[3]

Thus, notwithstanding Daniely's acquittal of aggravated assault, we consider whether the evidence in this case, viewed in the light most favorable to the verdict, was sufficient for any rational trier of fact to conclude that Daniely was guilty beyond a reasonable doubt of the charged offense of possession of a knife during the commission of the felony of aggravated assault.[4] So viewed, the evidence showed that Daniely wielded a knife while fighting with Black, and that during the fight Black sustained a stab wound that was approximately five inches deep. This evidence was sufficient for a rational trier of fact to conclude that Daniely had possessed a knife with a blade at least three inches long during the commission of the offense of aggravated assault,[5] in violation of OCGA § 16-11-106 (b) (1). We find no basis for reversal on this ground.[6]

2. Daniely argues that the court erred in allowing the state to introduce, through a police investigator, evidence of a statement Martinez made to the officer shortly after the incident, that Martinez had seen "something silver" in Daniely's hand prior to the stabbing. The statement contradicted Martinez's trial testimony that she had seen nothing in Daniely's hand.

> The prior inconsistent statement of a witness who is present and available for cross-examination may be admitted as substantive evidence or as impeachment evidence if the time, place, person, and circumstances attending the

---

[3] *Williams*, supra at 426-427 (2) (punctuation and footnotes omitted); see, e.g., *Stephens v. State*, 279 Ga. 43, 45 (3) (609 SE2d 344) (2005) (any alleged inconsistency between defendant's convictions of felony murder and possession of a weapon during a felony and his acquittal of the predicate felony offense cannot be used as an avenue to challenge the convictions because the inconsistent verdict rule has been abolished in Georgia); *Kimble v. State*, 236 Ga. App. 391, 394-395 (1) (512 SE2d 306) (1999) (overruling earlier authority for the proposition that a defendant's acquittal on felonies upon which was predicated a charge of possession of a weapon during the commission of a felony vitiated an essential element of the possession charge).

[4] See *State v. Robinson*, 275 Ga. App. 117, 118 (619 SE2d 806) (2005) (finding evidence sufficient to affirm conviction of possession of a weapon during the commission of the felony of aggravated assault, despite the defendant's acquittal for predicate offense); *Fields v. State*, 263 Ga. App. 11-12 (587 SE2d 171) (2003) (same).

[5] See OCGA § 16-5-21 (a) (2).

[6] See *Robinson*, supra; *Fields*, supra.

> former statement are called to [the witness's] mind with as much certainty as possible.[7]

The purpose of laying such a foundation is to give the witness the opportunity to explain or deny the prior inconsistent statement.[8] If such a foundation is not sufficiently established, it is error for the trial court to admit a prior inconsistent statement.[9]

Daniely argues that Martinez was not given the opportunity to explain or deny the prior statement because she testified before the issue of the statement was raised at trial and was not confronted with it during her testimony. The record supports this contention — the prior statement was not mentioned during Martinez's testimony and she was not asked any questions concerning the time, place, person, or circumstances attending it. Thus, Martinez was never questioned with the specificity necessary to establish the foundation for the admission of the statement.[10] Without such a foundation, the trial court erred in admitting evidence of Martinez's prior inconsistent statement.[11]

This error, however, does not require reversal. In light of the overwhelming competent evidence that Black was stabbed during his fight with Daniely, it is highly probable that the error in allowing testimony that Martinez had stated she had seen "something silver" in Daniely's hand did not contribute to the jury's verdict.[12]

3. In support of a claim that he acted in self-defense during the fight with Black, Daniely sought to introduce photographs depicting Black with tattoos indicating gang affiliation. The trial court excluded the photographs as impermissible character evidence. Daniely contends that this was error.

> Evidence of specific acts of violence by a victim against third persons is admissible where the defendant claims justification, provides proper notice, and makes a prima facie showing that the victim was the aggressor. Such evidence is admissible to show the victim's character for violence or tendency to act in accordance with his or her

---

[7] *Edmond v. State*, 283 Ga. 507, 510 (6) (661 SE2d 520) (2008) (citations and punctuation omitted); see OCGA § 24-9-83.

[8] *Edmond*, supra; *Meschino v. State*, 259 Ga. 611, 614 (2) (b) (385 SE2d 281) (1989).

[9] See *Edmond*, supra.

[10] See id. Compare *Meschino*, supra at 615 (2) (c) (where witness acknowledged making some kind of statement to a certain person at a particular time and place, the foundation for admitting the prior inconsistent statement was sufficient, even though the state failed to provide witness with additional details regarding the statement).

[11] See *Edmond*, supra.

[12] See id. at 511.

character as it relates to the defendant's claim for justification.[13]

The burden is on the defendant seeking to introduce the evidence to establish that the victim's prior acts involved violence.[14] The evidence in this case, however, concerned only Black's possible gang affiliation. "Mere membership in a gang is not a specific act of violence."[15] The trial court did not abuse its discretion in excluding the evidence.[16]

*Judgment affirmed. Miller, P. J., concurs. McFadden, J., concurs specially.*

MCFADDEN, Judge, concurring specially.
I concur fully in Divisions 1 and 2 of the majority opinion but in the judgment only as to Division 3. As to Division 3, I agree that the trial court is due to be upheld in his decision to exclude evidence that the victim bore a tattoo apparently reading, "Crippin' ain't easy but it's fun." But I do not agree that this ruling can be upheld on the basis that the trial court "did not abuse his discretion in excluding the evidence." The trial court had no discretion as to that evidence; he was required as a matter of law to exclude it because it does not come within the exception to the general rule against admission of evidence of the victim's character.

As noted by the majority, it is settled law that, "the general character of the [victim] for turbulence and violence may be shown, where there is evidence tending to establish that at the time of the homicide [the victim] was making an assault, or was attempting to commit violence upon the accused, or was in some way the aggressor." *Smithwick v. State*, 199 Ga. 292, 295 (1) (34 SE2d 28) (1945); see also *Haynes v. State,* 17 Ga. 465 (6) (1855).

The exception set out in *Smithwick* has evolved. *Smithwick* was overruled in 1980 "to the extent that [it] might be considered as establishing an exclusionary rule denying the defendant the opportunity to establish by his own sworn testimony a prima facie case for the introduction of evidence of prior difficulties between him and the deceased." *Milton v. State*, 245 Ga. 20, 25 (262 SE2d 789) (1980).

In a 1989 special concurrence, then-Justice Weltner urged that another exclusionary rule be overturned: "in the past we have

[13] *Barber v. State*, 268 Ga. 156, 157 (2) (486 SE2d 353) (1997) (citations omitted); accord *Alexander v. State*, 285 Ga. 166, 167 (2) (675 SE2d 23) (2009); *Traylor v. State*, 280 Ga. 400, 401-402 (2) (627 SE2d 594) (2006).
[14] *Bennett v. State*, 265 Ga. 38, 40-41 (3) (453 SE2d 458) (1995).
[15] *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999).
[16] See *Blair v. State*, 273 Ga. 668, 669 (3) (543 SE2d 685) (2001).

restricted evidence of specific acts of violence to those committed by the victim against the defendant. Yet, logic dictates no such distinction." *Lolley v. State*, 259 Ga. 605, 609 (385 SE2d 285) (1989) (Weltner, J., concurring). Justice Weltner's view was adopted by the Supreme Court in *Chandler v. State*, 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991).

Both *Milton* and the *Lolley* concurrence quote language from Chief Justice Lumpkin's opinion in *Haynes*, supra: "This Court stands pledged by its past history, for the abolition, to the extent of its power, of all exclusionary rules, which shut out facts from the Jury which may serve, directly or remotely, to reflect light upon the transaction upon which they are called upon to pass." *Lolley*, supra at 610; *Milton*, supra at 25.

Subsequently, however, the Supreme Court upheld the exclusion of evidence that a murder victim "was a hitman nicknamed the 'Enforcer,' " holding that such "evidence consists of neither general reputation nor specific acts of violence and, thus, does not come within the exception to the general rule against admission of evidence of the victim's character." *Quillian v. State*, 279 Ga. 698, 699-700 (2) (a) (620 SE2d 376) (2005). And this court has held, citing *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999):

> Evidence of a defendant's gang affiliation has been held relevant and admissible to show motive despite the fact that it incidentally places the defendant's character in evidence. However, on reviewing the question of whether a victim's gang affiliation is admissible at trial, our Supreme Court has held that although evidence of the victim's specific acts of violence against third persons when the defendant is claiming justification is admissible, "[m]ere membership in a gang is not a specific act of violence." Therefore, such evidence is not admissible or relevant.

(Footnotes omitted.) *Harris v. State*, 298 Ga. App. 708, 710-711 (680 SE2d 693) (2009).

The trial court was therefore required as a matter of law, by the rule set out in *Quillian* and *Harris*, to exclude evidence of the victim's gang membership.

DECIDED FEBRUARY 28, 2011 —
RECONSIDERATION DENIED APRIL 5, 2011 — 

*Randall S. Estes*, for appellant.

*Daniel J. Porter, District Attorney, Jon W. Setzer, Assistant District Attorney*, for appellee.