## A09A1464. STROZIER v. THE STATE.
(685 SE2d 743)

ANDREWS, Presiding Judge.

Jason Lamar Strozier was found guilty by a jury of two counts of aggravated battery against a victim more than sixty-five years of age in violation of OCGA § 16-5-24 (a) and (d). Strozier claimed he acted justifiably in self-defense, and that the trial court erred by refusing to allow him to support this claim by introducing evidence that the victim had engaged in prior violent acts amounting to child molestation against him and a third person. Because the alleged prior acts were not relevant to Strozier's justification defense, we find no error and affirm.

1. The evidence showed that Strozier repeatedly struck the victim in her face with his fists causing multiple facial fractures, serious disfigurement, and loss of use of an eye. An eyewitness testified that the attack occurred when the victim (age 70), who lived in the same house with Strozier (age 26), went to Strozier's room to retrieve her tape recorder. The witness said that, when the victim told Strozier he should be more respectful of other people's property, Strozier repeatedly struck her in the head and face with his fists.

---

[24] Id. (citation omitted).

According to the witness, Strozier punched the victim from one side of the room to the other, and continued to punch her after she fell to the floor unconscious with her face covered in blood. In his defense, Strozier testified that, when he handed the tape recorder to the victim, she charged at him and repeatedly hit him in the face with the recorder. He testified that the victim outweighed him and that he punched her only to defend himself from her violent assault. The evidence was sufficient for the jury to conclude beyond a reasonable doubt that the State disproved Strozier's self-defense claim and that he was guilty of the charged offenses. OCGA §§ 16-5-24; 16-3-21 (a); *Andrews v. State*, 267 Ga. 473, 474 (480 SE2d 29) (1997); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's refusal to admit evidence proffered by Strozier that the victim had committed prior acts of violence against him and a third party.

Although the victim's bad character, including prior violent acts, is generally not relevant or admissible, an exception may apply where the defendant claims he justifiably used force in self-defense. OCGA § 24-2-2; *Peterson v. State*, 274 Ga. 165, 167 (549 SE2d 387) (2001).[1] Under OCGA § 16-3-21 (a), "[a] person is justified in . . . using force against another when and to the extent that he or she reasonably believes that such . . . force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force." In that circumstance, evidence of the victim's prior acts of violence can be relevant to the defense of justification. *Johnson v. State*, 270 Ga. 234, 235 (507 SE2d 737) (1998). Where a defendant seeks to justify the use of force in self-defense against another's use of unlawful force, whether the defendant reasonably believed that the use of such defensive force was necessary is a relevant inquiry. Id. at 235-236. Because the victim's prior acts of violence against the defendant or third parties show the victim's violent character, these acts are relevant (and therefore admissible) to support the defendant's claim that the victim assaulted the defendant in accordance with this violent character. Id. at 236; *Barber v. State*, 268 Ga. 156, 157 (486 SE2d 353) (1997); *Chandler v. State*, 261 Ga. 402, 407 (405 SE2d 669) (1991) (adopting the reasoning of Justice Weltner's special concurrence in *Lolley v. State*, 259 Ga. 605, 607-610 (385 SE2d 285) (1989)).

Strozier proffered evidence that, when he was 15 years of age,

---

[1] To introduce evidence under the exception, the defendant must comply with applicable procedural requirements, produce competent evidence of the prior acts, and make a prima facie case of justification by showing that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly seeking to defend himself. *Peterson*, 274 Ga. at 167. Strozier's compliance with these requirements is not at issue.

the victim fondled him in his private parts, and that the victim had also previously fondled the genitals of another 12-year-old boy. These alleged prior acts would amount to child molestation. Because children do not have the capacity to consent to or resist these sexual acts, they are automatically considered by law to be forcible and against the child's will, even though the same act directed at an adult who consents is not forcible and violent. *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178) (1997). Thus, "[c]hild molestation is, by its very nature, a crime involving a forcible and violent act" and, if relevant, is admissible for the purpose of establishing a justification defense. Id. For example, where an adult defendant does not consent to the victim's sexual act directed at him, and the defendant claims he justifiably used force against the victim to defend against the act, the victim's prior acts of child molestation are relevant to the justification defense. *Barber*, 268 Ga. at 157-158. In that case, prior acts of child molestation are relevant to show that the victim had a disposition to engage in nonconsensual sexual acts (forcible and violent by law because of lack of consent), and to support the defendant's contention that the victim sexually assaulted him in accordance with this disposition. Id. By contrast, Strozier claimed he justifiably used force in self-defense after the victim assaulted him by repeatedly hitting him in the face with a tape recorder. Evidence that the victim previously committed the proffered acts of child molestation was not relevant to this justification defense. Showing that the victim had a disposition to engage in sexual acts considered forcible and violent only because of their nonconsensual nature does not tend to support a claim that the victim hit Strozier in the face with a tape recorder in accordance with a disposition toward actual violence.[2] Because the victim's prior acts of child molestation were not relevant to Strozier's justification defense, the trial court correctly excluded these acts from evidence.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 23, 2009.

*Jamie T. Roberts*, for appellant.
*Peter J. Skandalakis, District Attorney, Melissa L. Himes, William*

---

[2] This is not a case where the victim's prior acts of child molestation were accompanied by other violent acts, or where the molestation itself was actually violent in addition to being considered forcible and violent by law because of the child's lack of capacity to consent. See *Barber*, 268 Ga. at 157-158.

*D. Hocutt, Assistant District Attorneys*, for appellee.