S10A1399. RENDER v. THE STATE.
(704 SE2d 767)

HINES, Justice.

Following the denial of his motion for new trial, Harold Lee Render appeals his convictions for felony murder, aggravated assault, and possession of a firearm during the commission of a crime in connection with the fatal shooting of Lamarcus Walker and the wounding of Edward Scott. Render's challenge is that his trial

---

counsel provided him with ineffective assistance. For the reasons that follow, we affirm.[1]

The evidence construed in favor of the verdicts showed the following. Render had a history of employment in law enforcement, including working as a police officer and as an armed security guard. Render's 26-year-old son was shot and killed in 2006. Within a few months after the shooting, the Render family began to suspect Lamarcus Walker as the perpetrator. Thereafter, Walker and his girlfriend, who was a Fulton County Deputy Sheriff, went to the Render home both to secure an address in order to obtain a protective order and to try to convince Render that Walker was not the man who killed his son. Neither Walker nor his girlfriend was armed. After Walker entered the home and attempted to talk to Render, Render pulled out a handgun and ordered Walker to be seated. Walker kept his hands raised in the air. Walker told Render that he did not injure or murder his son, and Render responded that he did not want to talk to anyone about it, that "all he wanted to do was find and kill whoever murdered his son." Render told the couple that the police were looking for Walker. Render telephoned a detective involved in the investigation of his son's murder and was told that there was no new information in the case and that Walker was not needed. Render then fired a shot into the air. Render let the couple leave after Walker's girlfriend agreed to take Walker to the jail for any possible questioning or other action.

On April 30, 2007, Render encountered Walker at a convenience store in DeKalb County. Render and Walker exchanged words and Render drew a handgun and shot Walker multiple times. Walker tried to run from Render. Render fired more shots at Walker, and a stray bullet hit Edward Scott in the groin. Walker fell while he was running, and Render stood over him and again fired multiple shots into him. Walker died instantly. He had sustained gunshot wounds to his left upper arm, the right side of his face, and the back of his head. No weapons were found on Walker's body.

---

[1] The crimes occurred on April 30, 2007. During the July 2007 term, a DeKalb County grand jury indicted Render for the malice murder of Walker, the felony murder of Walker while in the commission of aggravated assault, the aggravated assault of Walker, the aggravated assault of Scott, and possession of a firearm during the commission of a crime. Following a jury trial August 25, 2008-September 3, 2008, Render was acquitted of malice murder but was found guilty of the remaining charges. On September 4, 2008, he was sentenced to life in prison for felony murder, twenty years with ten years to serve in prison for the aggravated assault of Scott, and five years to serve in prison for the firearm possession; all sentences were to run consecutively. The aggravated assault of Walker merged with the felony murder for the purpose of sentencing. A motion for new trial was filed on October 2, 2008, amended on October 1, 2009, and denied on March 4, 2010. A notice of appeal was filed on March 31, 2010, the case was docketed in this Court for the September 2010 term, and the appeal was argued orally on September 13, 2010.

1. The evidence was sufficient to enable a rational trier of fact to find Render guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Render contends that his trial counsel was ineffective in two respects. But, in order to prevail on his claims of ineffectiveness, Render has to demonstrate that trial counsel's performance was deficient and that the deficiency so prejudiced him that a reasonable probability exists that, but for counsel's errors, the outcome of Render's trial would have been different; in doing so he must overcome the strong presumption that his attorney's actions fell within the broad range of professional conduct. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Futch v. State*, 286 Ga. 378, 380 (2) (687 SE2d 805) (2010).

(a) Render contends that his trial counsel "egregiously erred" when counsel "made no attempt to introduce evidence that would have allowed the jury to understand the reasonable nature" of his fear of Walker. He urges that counsel was ineffective because he conceded the inadmissibility of evidence of Walker's prior acts of violence even though such evidence was "clearly admissible" and crucial to his sole defense of justification/self-defense.

Render argues that there are "two prongs" or methods by which a defendant may have admitted into evidence prior acts of the victim against third parties. First, he cites this Court's holding in *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991), that evidence of specific acts of violence by a victim against third persons can be admitted into evidence in the situation in which a defendant claims justification. Id. at 407 (3) (b). The defendant has the burden of demonstrating the admissibility of *Chandler* evidence, and at a minimum must follow the procedural requirements for introducing the evidence, establish by competent evidence the existence of prior violent acts, and make a prima facie showing of justification. *Spencer v. State*, 287 Ga. 434, 436 (2) (a) (696 SE2d 617) (2010). In his initial brief, Render states unequivocally that *Chandler* has no application in his case, conceding that there was no competent evidence of specific violent acts by Walker against other parties for his trial counsel to present; however, he urges that his situation was governed instead by "longstanding, statutorily-based evidentiary law" relating to self-defense, namely permitting evidence of his motivation or state of mind at the time of the shooting, as permitted by OCGA § 24-3-2.[2]

---

[2] OCGA § 24-3-2 provides:
When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence.

It is true that the exception under OCGA § 24-3-2 may allow evidence of a death threat against a defendant when the evidence is offered not for the truth of the matter asserted but rather to show the victim's state of mind; however, such evidence is admissible only in the circumstances in which there is a conflict in the evidence as to who instigated the fight, to corroborate evidence of communicated threats, or to establish the attitude of the deceased. *Massey v. State*, 272 Ga. 50, 51 (3) (525 SE2d 694) (2000). But, that is not the type of evidence that Render claims should have been placed before the jury. He complains that the jury did not hear that he had heard from Walker's friends that they were scared that Walker would hurt them if they testified against him and that Walker had killed three or four people, i.e., that Render had knowledge of Walker's violence which made his alleged fear reasonable at the time he shot Walker. As noted, when a defendant claims he justifiably used force in self-defense, evidence of the victim's prior acts of violence can be relevant "to support the defendant's claim that the victim assaulted the defendant in accordance with this violent character." *Strozier v. State*, 300 Ga. App. 199, 200 (2) (685 SE2d 743) (2009). But, that is precisely the type of evidence contemplated in and controlled by *Chandler. Strozier v. State* at 200 (2). What is more, as for the jury being informed of Render's allegedly fearful state of mind with regard to Walker, Render's attorney was able to elicit testimony from Render on the stand about his belief that the victim was dangerous, including that at the time of the shooting, he knew of Walker's bad reputation for violence and, in fact, that Walker's nickname was "OG," which stood for "original gangster."

Render has not met his burden under *Strickland* to show that his trial counsel was deficient in the manner urged, much less that the alleged deficiency prejudiced his defense. *Jones v. State*, 280 Ga. 205, 206 (2) (625 SE2d 1) (2006).

(b) Render also contends that his trial counsel rendered ineffective assistance by failing to object to a portion of the charge to the jury regarding the defense of justification, which he maintains has long been held improper and was inherently prejudicial to him by effectively removing his sole defense from the case.

The trial court charged the jury:

> It is not essential to justify homicide if there should be an actual assault made upon the defendant. Threats, accompanied by menaces, though *not* menaces that do not amount to an actual assault, may in some instances be sufficient to arouse a reasonable belief that one's life is in imminent

danger, or that one is in imminent danger of great bodily injury, or that a forcible felony is about to be committed upon one's person.

(Emphasis supplied.) Render urges that the inclusion of the word "not" unfairly and illegally limited the charge on justification and made it burden-shifting by explicitly ruling out those situations, like his version of events, involving "threats, accompanied by menaces . . . that do not amount to an actual assault," and therefore, that he has demonstrated prejudice as well as deficient performance. But, that is not the case.

It is plain that the trial court intended to give the pattern jury instruction on threats and menaces causing a reasonable belief of danger which would amount to justification, and that the inclusion of the word "not" was merely a misstatement by the trial court. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 3.16.10. The instruction as given must be considered by this Court in the context of the trial court's charge as a whole. *Shadron v. State*, 275 Ga. 767, 771 (5) (573 SE2d 73) (2002). This is also the case when the challenge to a specific jury instruction is made in the context of a claim of the ineffective assistance of counsel. *Henderson v. State*, 252 Ga. App. 295, 298 (1) (b) (556 SE2d 204) (2001). Examination of the entire jury charge in this case reveals that the trial court thoroughly instructed the jury on the defense of justification, including its statement just prior to its "slip of the tongue" that there need not be an actual assault upon the defendant in order to justify homicide, and its later general instruction that whether the killing was done under circumstances justifying it was a matter for the jury's determination. Furthermore, as a general rule, the existence of a mere verbal inaccuracy in a jury instruction, resulting from a palpable "slip of the tongue" and which could not have misled or confused the jury will not provide a basis for reversal of a defendant's conviction. *Arthur v. Walker*, 285 Ga. 578, 579-580 (679 SE2d 13) (2009).

Assuming arguendo that trial counsel was deficient for failing to object to the court's misstatement, Render still cannot prevail on his claim that his attorney's conduct constituted ineffective assistance because he has not shown that the deficiency so prejudiced him that a reasonable probability exists that, but for counsel's error, the outcome at trial would have been more favorable. *Futch v. State*, supra at 380 (2). Simply, here again he has failed to satisfy the *Strickland* standard. *Durrence v. State*, 287 Ga. 213, 218 (2) (b) (695 SE2d 227) (2010).

*Judgments affirmed. All the Justices concur, except Nahmias, J., who concurs in Divisions 1 and 2 (b) and in the judgment.*

DECIDED JANUARY 10, 2011.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, R. Javoyne Hicks, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.