**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 12, 2018**

# In the Court of Appeals of Georgia

A17A1729. KRUEL v. THE STATE.

McFADDEN, Presiding Judge.

Larry Arthur Kruel, Jr., appeals from his convictions for child molestation (OCGA § 16-6-4 (a)) and third degree cruelty to children (OCGA § 16-5-70 (d)). He challenges the sufficiency of the evidence and argues that the trial court should have granted him a new trial on the general grounds, but the evidence met the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). He argues that the trial court erred in ruling that a witness was qualified to give expert opinion testimony, but the trial court did not abuse his discretion in this regard. And Kruel argues that the trial court erred in requiring him to register as a sex offender as part of his sentence, but the trial court was authorized to do so under OCGA § 42-1-12. So we affirm.

1. *Sufficiency of the evidence.*

Kruel challenges the sufficiency of the evidence supporting his convictions. In reviewing this challenge, the "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, supra, 443 U. S. at 319 (III) (B) (emphasis in original).

So viewed, the evidence showed that in late August 2012, Kruel was babysitting nine-year-old R. H. and her twin brother, D. H., at Kruel's house. While R. H. sat on Kruel's lap on a sofa, Kruel touched her vaginal area with his hand and placed a small vibrating massager between her open legs, holding it there for up to a minute and a half even though she told him to stop. D. H. was nearby and witnessed the incident with the massager.

In addition, Kruel brushed R. H.'s vaginal area with his hand as he helped her put on a cut-off jean skirt that he had made for her, which resembled a skirt worn by a model in an adult magazine, titled "Young and Wild," found in a kitchen cabinet in Kruel's house. The skirt was so short it showed R. H.'s underwear when she bent over. Kruel accompanied R. H. as she played outside while wearing the skirt.

(a) *Child molestation.*

This evidence authorized the trial court to find Kruel guilty of two counts of child molestation for touching R. H.'s vagina with his hand and with the massager. A person commits the offense of child molestation, among other ways, when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1).

Although Kruel admitted at trial that he held the massager between R. H.'s legs and that he may have brushed his hand against her vaginal area, he argues that there was no evidence that he did so with the intent to arouse his or the girl's sexual desires. He specifically points to a lack of evidence that either he or R. H. was actually aroused. But

> [t]he child molestation statute does not require proof of . . . actual arousal. Instead, the law requires only that the defendant have acted with the intent to arouse his [or the child's] sexual desires. The question of intent is peculiarly a question of fact for determination by the [finder of fact, who] may infer a defendant's intent from the evidence presented at trial. Where the [finder of fact] finds the requisite intent, that finding will not be reversed on appeal provided there is some evidence supporting the [finder of fact's] inference.

*Brown v. State*, 324 Ga. App. 718, 720-721 (1) (751 SE2d 517) (2013) (citations and punctuation omitted). See *Parrott v. State*, 318 Ga. App. 545, 553 (3) (736 SE2d 436) (2012) (whether defendant's intentions were innocent or to arouse his own sexual desires was peculiarly a question of fact for the factfinder).

The evidence in this case, viewed in the light most favorable to the prosecution, supported the trial court's inference that Kruel intended to arouse his or R. H.'s sexual desires. Kruel touched R. H.'s vaginal area with both his hand and a massager. He held the massager in place between the girl's open legs despite her request that he stop. He made for R. H. a revealing skirt similar to one worn by a model in an adult magazine in his possession. And he accompanied the girl outside as she played in the revealing skirt. From this evidence, a "rational trier of fact could have found [Kruel] guilty of child molestation beyond a reasonable doubt." *Wiley v. State*, 271 Ga. App. 393, 396 (1) (609 SE2d 731) (2005) (citations and punctuation omitted) (affirming conviction of defendant who excessively viewed pornography and admitted touching and viewing his daughter's unclothed vagina multiple times, but asserted that he did so for medical reasons). See *Reyes-Vera v. State*, 313 Ga. App. 467, 469 (722 SE2d 95) (2011) (affirming conviction of defendant who touched child inappropriately, fondled his buttocks, rubbed his body, and attempted to kiss him); *Andrew v. State*,

216 Ga. App. 427, 428 (454 SE2d 542) (1995) (affirming conviction of defendant who "tickled" his daughter's vagina and, on more than one occasion while she was in bed, "pressed a hard, oval shaped object that was long like a pen against her vagina").

(b) *Cruelty to children.*

The trial court found Kruel guilty of third-degree cruelty to children for molesting R. H. in the presence of D. H. A person commits this offense, among other ways, when "[s]uch person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery." OCGA § 16-5-70 (d) (2). Child molestation is a forcible felony. *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178) (1997); *Strozier v. State*, 300 Ga. App. 199, 201 (2) (685 SE2d 743) (2009).

Viewed in the light most favorable to the prosecution, the evidence shows that nine-year-old D. H. witnessed Kruel molest R. H. by holding the massager against her vaginal area and that Kruel was aware that D. H. was nearby when he committed that act. Kruel himself testified that D. H. was present when the incident with the massager occurred. This evidence was sufficient to support Kruel's conviction for third-degree cruelty to children. See *Price v. State*, 281 Ga. App. 844, 845 (1) (637

5

SE2d 468) (2006) (evidence that victim notified defendant of child's presence before defendant fired shot next to victim's head was sufficient to authorize conviction for cruelty to children).

Although Kruel argues that there was other evidence that D. H. was not present when the incident with the massager occurred, it was for the trial court, as finder of fact, to resolve any conflicts in the evidence. "When we consider the legal sufficiency of the evidence, we must put aside any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence, leaving the resolution of such things to the discretion of the trier of fact." *Walker v. State*, 296 Ga. 161, 163 (1) (766 SE2d 28) (2014) (citation and punctuation omitted).

2. *General grounds.*

Kruel argues that the trial court erred in failing to grant his motion for new trial because the judgment was decidedly and strongly against the weight of the evidence and the evidence was sufficiently close so as to warrant a new trial. Among other things, he points to evidence regarding his good character and expert testimony that he is "not prone to child molestation."

Kruel's argument is based on the "general grounds" and, unlike the trial court, we are limited in our review of this claim to the legal sufficiency of the evidence

under the standard set forth in *Jackson v. Virginia*, supra. See *Plez v. State*, 300 Ga. 505, 507 (1) n. 2 (796 SE2d 704) (2017). The record shows that the trial court exercised his discretion in denying Kruel's motion for new trial, and, as discussed above, the evidence authorized the trial court's findings of fact under *Jackson v. Virginia*. So "we find no abuse of discretion in [the trial court's] denying the motion for new trial [based on the general grounds]." *Smith v. State*, 300 Ga. 532, 534 (1) (796 SE2d 671) (2017) (citation and footnote omitted).

3. *Admission of witness testimony.*

Kruel argues that the trial court erred in admitting the testimony of Lindsey Jones, who conducted forensic interviews of R. H. and D. H. at a child advocacy center. Over Kruel's objection, the trial court held that Jones could testify as an expert in child sexual abuse and forensic interviewing. Jones testified that, based on her training and experience, the forensic interviews of R. H. and D. H. were "consistent with child sexual abuse or witness of child sexual abuse." See *Ogle v. State*, 270 Ga. App. 248, 249 (2) (606 SE2d 303) (2004) (permitting expert in child sexual abuse and forensic interviewing to opine that victim's "interview as a whole was consistent with sexual abuse") (punctuation omitted).

Kruel argues that the trial court erred in allowing Jones to testify as an expert at his 2016 trial because Jones had not been sufficiently experienced when she conducted the forensic interviews of R. H. and D. H. in 2012. We disagree.

"In criminal proceedings, the opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." OCGA § 24-7-707.

> To qualify as an expert generally all that is required is that a person must have been educated in a particular skill or profession; his [or her] special knowledge may be derived from experience as well as study. . . . The trial court has broad discretion in accepting or rejecting the qualifications of the expert, and its judgment will not be disturbed on appeal absent an abuse of discretion.

*Davis v. State*, 301 Ga. 397, 406-407 (6) (d) (801 SE2d 897) (2017) (citation and footnote omitted). Before the trial court held her to be qualified to give expert testimony, Jones described her education and training, which included a degree in child development and extensive training in forensic interviewing of children, including sexual abuse victims. At the time of her testimony in this case, Jones had conducted almost 500 forensic interviews of children. "Given the evidence of [Jones's] education, training, and experience [at the time she testified in 2016], we

cannot say that the trial court abused [his] discretion in qualifying [Jones] as an expert witness." *Smith v. State*, 319 Ga. App. 590, 594 (4) (737 SE2d 700) (2013) (citation omitted).

Kruel argues that the trial court should have looked to Jones's level of experience in 2012, when she conducted the forensic interviews in this case, rather than 2016, when she gave her expert opinion, to determine whether Jones was qualified to give expert testimony. He asserts that, due to her inexperience in 2012, Jones did not properly conduct the forensic interviews. These criticisms go to the weight and credibility of Jones's testimony about the opinions she reached based on the allegedly flawed interviews — matters for the factfinder — and not to Jones's qualifications as an expert in 2016. See *Tye v. State*, 298 Ga. 474, 477-478 (2) (a) (782 SE2d 10) (2016) (weight and credibility of expert opinion testimony is matter for factfinder); *Orengo v. State*, 339 Ga. App. 117, 127 (7) (793 SE2d 466) (2016) (defendant's challenge to expert forensic interviewer based on interviewer's employment in prosecutor's office and her failure to investigate the case went to weight and credibility of interviewer's testimony, not to her expert qualifications). Notably, Kruel did not object at trial to the admission of the recordings of those

interviews, , and he does not argue on appeal that the trial court should have excluded the recordings on the ground that the interviews were improperly conducted.

4. *Registration as sex offender.*

Kruel challenges the trial court's requirement that he register as a sex offender immediately upon his release from incarceration, pursuant to OCGA § 42-1-12. We find no error. Kruel's 2016 convictions for child molestation supported the trial court's requirement. The Code section requires registration "by any individual who . . . [i]s convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor," OCGA § 42-1-12 (e) (1), which includes a conviction for "[c]riminal sexual conduct toward a minor[.]" OCGA § 42-1-12 (a) (9) (B) (III). The Code section also requires registration "by any individual who . . . [i]s convicted on or after July 1, 1996, of a dangerous sexual offense," OCGA § 42-1-12 (e) (2), which includes a conviction for child molestation in violation of OCGA § 16-6-4. OCGA § 42-1-12 (a) (10) (B.1) (viii).

*Judgment affirmed. Branch and Bethel, JJ., concur.*

10